On petition for review filed April 15, 1992,* petition for review denied July 22, 1993

STATE OF OREGON,
*Respondent on Review,*

*v.*

MINDI MARIE TUCKER,
*Petitioner on Review.*

(CC 85-0025; CA A63477; SC S39088)

855 P2d 150

Sally L. Avera, Public Defender, and Stephen J. Williams, Deputy Public Defender, Salem, filed the petition for petitioner on review.

No appearance *contra.*

Before Carson, Chief Justice, and Peterson, Fadeley, Unis, and Graber, Justices.

Fadeley, J., dissented and filed an opinion.

---

*  Appeal from Washington County Circuit Court, Gregory E. Milnes, Judge. 109 Or App 519, 820 P2d 834 (1991).

**FADELEY, J.,** dissenting.

I dissent from the order denying the allowance of the petition for review. I would, instead, allow review and remand the case to the Court of Appeals, in the light of *State v. Nielsen*, 316 Or 611, 853 P2d 256 (1993), for further consideration of defendant's confrontation clause claims concerning the statement of Pottle admitted under OEC 804(3)(c).

At defendant's murder trial, Pottle's friend, McManus, testified about a statement that Pottle made to him. The statement implicated both Pottle and defendant in a murder. At the time of this murder trial and McManus' testimony, Pottle was dead and thus unavailable as a witness.

Defendant asserts, among other things, that admission of Pottle's out-of-court statement through the witness McManus "violated her confrontation rights." *State v. Tucker*, 109 Or App 519, 525, 820 P2d 834 (1991).

In deciding this case, the Court of Appeals said that admissibility under OEC 804(3)(c) — the exception for declarations against penal interest — depends only on the nature of the hearsay statement. The court said:

"Under the evidentiary rule, whether the particular testimony was admissible depends on the nature of the out-of-court statement, not the credibility of the witness. It expressly makes hearsay evidence of statements against penal interest admissible and expressly requires corroboration only of exculpatory statements. Accordingly, the evidence was admissible under OEC 80[4](3)(c)." *Id.*

It is correct to observe, as did the Court of Appeals, that the wording of OEC 804(3)(c) "expressly requires corroboration only of exculpatory statements." *Ibid.* However, a confrontation clause challenge to an against-penal-interest statement cannot be analyzed without consideration of the circumstances under which the statement was made to ensure that there are particularized indicia of reliability for that statement. In *State v. Nielsen, supra,* this court required that, in relation to a confrontation clause challenge to admission of a statement against penal interest, trustworthiness of the statement must be supported and reviewed in the light of the circumstances that attended the making of the statement. Analysis of admissibility under the state and federal

confrontation clauses requires that sort of support and scope of review of the surrounding circumstances.

The Court of Appeals did not perform that analysis, nor require that the trial court have performed it.[1] The absence of that analysis may offend both state and federal constitutions, unless a court is prepared to say that in all circumstances the hearsay exception for statements against penal interest is "firmly rooted." Neither this court nor the Supreme Court of the United States has held or implied that. *State v. Nielsen, supra,* 316 Or at 627.

Moreover, there is no need to reach that question to dispose of the case where, as here, the hearsay declarant is indisputably unavailable. However, the Court of Appeals reached the issue and, without any supportive analysis, simply ruled: "The exception is firmly rooted." *State v. Tucker, supra,* 109 Or App at 525.

Defendant's petition for review should be allowed. The decision of the Court of Appeals should be vacated and the case remanded to that court for further consideration of defendant's confrontation clause claims concerning the statement admitted under OEC 804(3)(c), in the light of *State v. Nielsen, supra.* I dissent from the order denying review.

---

[1] No implication that the result would change under the required analysis is intended.